# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRYSTAL L. LUCAS, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 11-806 |
| | ) Judge Nora Barry Fischer |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

I. INTRODUCTION

This action involves a Social Security claimant's challenge to the Commissioner's dismissal of her claim for disability insurance benefits ("DIB") based on her failure to timely file a request for a hearing on her denied claim. Presently before the Court is Defendant Michael J. Astrue, Commissioner of Social Security's Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction (Docket Nos. 5, 6) and Plaintiff's response thereto (Docket No. 8). In his motion, the Commissioner argues that this Court lacks subject matter jurisdiction over Plaintiff's Complaint because the Commissioner did not issue a "final decision" denying disability benefits in Plaintiff's case, but dismissed her untimely request for a hearing. (Docket Nos. 5, 6). Plaintiff maintains that the dismissal order is reviewable by this Court. (Docket No. 8). Upon consideration of the parties' positions, and for the following reasons, Defendant's Motion to Dismiss [5] is granted and this matter is dismissed for lack of subject matter jurisdiction.

II.     BACKGROUND

Plaintiff's claim for disability benefits was denied on November 3, 2009. (Docket No. 5-2 at 2). The denial letter set forth standard agency language instructing Plaintiff how to proceed if she disagreed with the agency's decision. (*Id.* at 4). Specifically, under the bold heading "If You Disagree With The Determination," the letter provides:

- You have 60 days to ask for a hearing.
- The 60 days start the day after you get this letter. We assume you got this letter 5 days after the date on it unless you show that you did not get it within the 5-day period.
- You must have a good reason for waiting more than 60 days to ask for an appeal.
- You have to ask for a hearing in writing. We will ask you to complete a form HA-501-U2, called "Request for Hearing". You may contact one of our offices or call 1-800-772-1213 to request this form. Or you may complete this form online at http://www.socialsecurity.gov/disability/appeal. Contact one of our offices if you want help.

(*Id.*). Plaintiff does not dispute that she received this letter at her address in Butler, Pennsylvania listed on the form. (*Id.*; Docket No. 8 at 1). Based on terms set forth in the letter, Plaintiff had 65 days from November 3, 2009, i.e., until January 7, 2010 to file a request for a hearing. (*Id.*). But, Plaintiff failed to timely file a request for a hearing within the time allotted.

Instead, after the time period had already expired, on January 14, 2010, she met with her present counsel, Christine Nebel, Esquire to discuss her case. (*Id.* at 24, ¶ 10). Plaintiff advised Nebel during the meeting that she thought that her disability claim was denied on November 13 or 18, 2009. (*Id.* at 24, ¶ 11). At that time, she also completed a request for hearing form and Nebel filed the form with the local Social Security Office the following day, January 15, 2010 – 8 days after the deadline for requesting a hearing had passed. (*Id.* at 24, ¶

12). The local office did not advise Nebel that the submission was untimely at that time. (*Id.* at 24, ¶ 15). However, sometime later, the local office contacted Plaintiff and requested that she fill out and submit a "Statement of Claimant Or Other Person." (*Id.* at 15, 24, ¶ 13). Nebel was not copied on this correspondence. (*Id.*). Plaintiff filled out the form without assistance and returned it to the agency. (*Id.*). In response to the question, "the reason my appeal due to denial of social security benefits was past the 60 day appeal period was," Plaintiff stated that:

> The original Attorney I wanted to meet with took [weeks] to get back to me. Then my mother was a victim of a home invasion robbery [and] she almost had a stroke from fear. My nephew who is an attorney found someone who he felt comfortable with, [Christine] Nebel [and] by the time I had my [appointment] – I thought I had more time I misread the 13th as the 18th.

(Docket No. 8 at 15).

On March 10, 2010, Administrative Law Judge David Hatfield ("ALJ") issued an Order of Dismissal wherein he dismissed Plaintiff's request for a hearing. (Docket No. 5-1 at 7-8). In his decision, the ALJ found that the request for a hearing was untimely filed but incorrectly stated that the request was made by Plaintiff on March 1, 2010. (*Id.* at 7). He further considered the reasons Plaintiff provided for the untimely filing but held that those reasons were not sufficient to demonstrate "good cause" for the missed deadline under 20 C.F.R. § 404.911. (*Id.*). In so holding, the ALJ noted that:

> First, the claimant has the responsibility to exercise a certain amount of due diligence in pursuing her claim. She had 60 days to file an appeal. She was aware of this time period, noting that she was looking for representation. Second, the initial denial letter clearly reflects the date of November 3, 2009, not the 13th or the 18th. There is nothing in the record to indicate an educational, linguistic, or mental impairment that would have prevented her from understanding the appeals period or the importance of filing a

> timely appeal. She could have called the 800 number or visited the local Social Security Office within the 60 day period to indicate that she wanted to file an appeal.

(*Id.* at 8).

Next, on March 19, 2010, Nebel sent a letter to the ALJ on Plaintiff's behalf seeking reconsideration of the March 10, 2010 dismissal order. (Docket No. 8 at 17). She pointed out that the dismissal order incorrectly stated that Plaintiff's request for a hearing was filed on March 1, 2010 but that it was actually filed on January 15, 2010, providing as evidence of same a copy of the request as an attachment to the letter. (*Id.*). Nebel also states that she was not copied on the initial correspondence from the agency requesting further information about why the appeal was untimely. (*Id.*). She then provides further information corroborating the initial reasons which were given by Plaintiff. (*Id.*). Subsequently, Plaintiff's counsel contacted the agency and was advised verbally that the motion for reconsideration was denied. (*Id.* at 25, ¶ 20).

Plaintiff then submitted a timely request for review of the ALJ's decision with the Appeals Council by filing the appropriate form with the agency on May 14, 2010. (*Id.* at 20). Along with the form, Plaintiff submitted a letter brief from her counsel and an affidavit from the Plaintiff herself. (*Id.* at 20-26).

The Appeals Council denied Plaintiff's request for review of the March 10, 2010 dismissal order on April 15, 2011. (*Id*. at 32-3). Plaintiff then initiated this civil action by filing her motion to proceed *in forma pauperis* and her Complaint on June 17, 2011. (Docket No. 1). The motion to proceed *in forma pauperis* was granted and her Complaint was filed on the same day. (Docket Nos. 2, 3).

The Commissioner responded to Plaintiff's Complaint by filing a Motion to Dismiss and Brief in Support on September 9, 2011. (Docket No. 5). In support of his motion, the

4

Commissioner also filed a declaration of Paul Halse, Acting Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, as well as portions of the administrative record including: the initial denial letter dated November 3, 2009; Plaintiff's request for a hearing received by the agency on January 15, 2010; the Order of Dismissal dated March 10, 2010; and the April 15, 2011 Notice of Appeals Council Action. (Docket No. 5-1). Plaintiff filed her brief in opposition on September 30, 2011, along with additional materials she had submitted to the agency, including: a Statement of Claimant or Other Person dated January 31, 2010; a March 19, 2010 Letter from Christine Nebel, Esquire seeking reconsideration of the dismissal order; and the documents submitted in support of her appeal to the Appeals Council. (Docket No. 8). No further briefing or evidentiary materials have been received. Accordingly, the motion is fully briefed and ripe for disposition.

III.  LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the lack of subject matter jurisdiction over a plaintiff's claims. *See* FED.R.CIV.P. 12(b)(1). "At issue in a Rule 12(b)(1) motion is the court's 'very power to hear the case.'" *Petruska v. Gannon University*, 462 F.3d 294, 302 (3d Cir. 2006) (quoting *Mortenson v. First Federal Savings and Loan Association*, 549 F.2d 884, 891 (3d Cir.1977)). As she is the party asserting jurisdiction, Plaintiff "bears the burden of showing that [his] claims are properly before the district court." *Development Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir.1995); *see also Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)("[w]hen subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion"). In reviewing a motion to dismiss pursuant to Rule 12(b)(1), the court must

5

distinguish between facial attacks and factual attacks. *Petruska*, 462 F.3d at 302. When a defendant launches a factual attack on subject matter jurisdiction, as the Commissioner has done here, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Petruska*, 462 F.3d at 302 (quoting *Mortenson*, 549 F.2d at 891). In a factual attack, the court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings. *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir.2007).

IV. DISCUSSION

"Federal court jurisdiction is expressly limited by § 205 of the Social Security Act," as codified at 42 U.S.C. § 405. *Tobak v. Apfel*, 195 F.3d 183, 186 (3d Cir. 1999) (citing 42 U.S.C. § 405(g), (h)). Pursuant to § 205(h), "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). Further, § 205(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party ... may obtain a review of such decision by a civil action" in federal district court. 42 U.S.C. § 405(g). "A pre-hearing dismissal [ … ] of an untimely request for a hearing [ …] is not a 'final decision' under section 205(g)" and is generally not subject to judicial review. *DeLeon v. Comm. of Social Security*, 191 Fed.App'x 88, 90 (3d Cir. 2006) (citing *Bacon v. Sullivan*, 969 F.2d 1517, 1519 (3d Cir. 1992); *Penner v. Schweiker*, 701 F.2d 256, 260 (3d Cir. 1983)).

"This jurisdictional bar does not apply, however, where the claimant raises a 'colorable constitutional claim,'" *id.* (citing *Bacon*, 969 F.2d at 1521), which is "collateral to the

6

substantive claim of entitlement," *Nicosia v. Barnhart*, 160 Fed.App'x 186, 188 (3d Cir. 2005) (citing *Califano v. Sanders*, 430 U.S. 99, 109 (1977)). Colorable constitutional claims are "unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." *Sanders*, 430 U.S. at 109.

Here, Plaintiff's Complaint does not raise any constitutional violations against the Commissioner. (Docket No. 3). Instead, Plaintiff claims that she is seeking review of a decision of the Appeals Council dated April 15, 2011; a decision which she asserts is a "final decision" of the Commissioner and further alleges that she has exhausted all required administrative remedies prior to filing this lawsuit. (*Id.*). However, the facts demonstrate that Plaintiff's request for a hearing was dismissed because it was untimely filed, the ALJ denied reconsideration and the Appeals Council later denied Plaintiff's request for review of the dismissal. (Docket No. 5-1 at 7-8). Thus, a "final decision after a hearing" was never issued by the Commissioner as to Plaintiff's claim for benefits. Therefore, this Court plainly lacks jurisdiction to entertain the type of claim asserted by Plaintiff in her Complaint. *See e.g.*, 42 U.S.C. § 405(g); *DeLeon*, 191 Fed.App'x at 90; *Bacon*, 969 F.2d at 1519; *Penner*, 701 F.2d at 260.

Although she has not pled a constitutional violation, in response to the Commissioner's motion to dismiss, Plaintiff argues that her due process rights were violated by the Commissioner. (Docket No. 8). Specifically, Plaintiff maintains that:

> In the instant case, Plaintiff's mental illness which was exacerbated by the severe emotional distress caused [in] December 2009 by the home invasion of her mother's residence interfered with her ability to function and her ability to timely file a Request for Hearing. Dismissing Plaintiff's Request for Hearing, which was filed only eight days late, deprives Plaintiff of her due process rights to a hearing to determine her claim for disability.

7

(*Id.* at 11).

In this Court's estimation, Plaintiff has not set forth a colorable claim asserting that her rights under the Due Process Clause have been violated. Procedural[1] "[d]ue process requires notice and an opportunity to be heard before the Government deprives a person of property." *Carroll v. Astrue*, 402 Fed.App'x 709, 712 (3d Cir. 2010) (quotation and brackets omitted). The mere allegation of a due process violation, however, does not automatically confer subject matter jurisdiction on this Court. *See Banks v. Chater*, 949 F.Supp. 264, 266-67 (D.N.J. Sept. 9, 1996). To this end, "[a] constitutional claim is not 'colorable' if it 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial or frivolous.'" *Id.* at 266 (quoting *Boettcher v. Secretary of HHS*, 759 F.2d 719, 722 (9th Cir.1985)).

In this case, Plaintiff admits that she received notice of the initial denial of her application for benefits dated November 3, 2009. (Docket No. 8 at 1, 23, ¶ 3, 4). She concedes that it was mailed to her home address and that she read it. (*Id.* at 1). She also does not challenge that the denial letter explicitly states that she had 65 days (including 5 days for mailing) to request a hearing. (*Id.*). Nor does she complain that the procedures for requesting the hearing are incorrectly stated in the letter. (*Id.*). Indeed, the letter provided Plaintiff with multiple ways to acquire the necessary form, i.e., by downloading it from the internet, calling the local office or calling the national 1-800 number. (Docket No. 5-2 at 4). Finally, Plaintiff accepts that her request for a hearing was untimely filed on January 15, 2010, eight days after the deadline. (Docket No. 8 at 2). Given these facts, Plaintiff was plainly provided with notice of the

---

[1] The Court does not read Plaintiff's arguments, raised by her counsel, as alleging substantive due process violations.

decision denying her benefits and provided an opportunity to be heard at a hearing – she merely failed to follow the simple requirement to challenge the decision by filing within 65 days.[2]

The Commissioner also provided Plaintiff with an opportunity to demonstrate "good cause" for her failure to comply with the stated deadline. After being contacted by the agency, Plaintiff submitted a statement setting forth her reasons for her failure to comply. (Docket No. 8 at 15, 20, ¶ 13). The ALJ considered Plaintiff's reasons for the late filing but exercised his discretion and found that "good cause" was not established under 20 C.F.R. § 404.911.[3]

---

[2] The 65 days includes 5 days for mailing. *See* § II, *supra*; (*see also* Docket No. 5-2 at 4).
[3] § 404.911, "Good cause for missing the deadline to request review," provides that:
    (a) In determining whether you have shown that you had good cause for missing a deadline to request review we consider--
        (1) What circumstances kept you from making the request on time;
        (2) Whether our action misled you;
        (3) Whether you did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and
        (4) Whether you had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review.

    (b) Examples of circumstances where good cause may exist include, but are not limited to, the following situations:
        (1) You were seriously ill and were prevented from contacting us in person, in writing, or through a friend, relative, or other person.
        (2) There was a death or serious illness in your immediate family.
        (3) Important records were destroyed or damaged by fire or other accidental cause.
        (4) You were trying very hard to find necessary information to support your claim but did not find the information within the stated time periods.
        (5) You asked us for additional information explaining our action within the time limit, and within 60 days of receiving the explanation you requested reconsideration or a hearing, or within 30 days of receiving the explanation you requested Appeal Council review or filed a civil suit.
        (6) We gave you incorrect or incomplete information about when and how to request administrative review or to file a civil suit.
        (7) You did not receive notice of the determination or decision.
        (8) You sent the request to another Government agency in good faith within the time limit and the request did not reach us until after the time period had expired.
        (9) Unusual or unavoidable circumstances exist, including the circumstances described in paragraph (a)(4) of this section, which show that you could not have known of the need to file timely, or which

(Docket No. 5-1 at 7-8).

After the dismissal, Plaintiff, through her counsel, submitted a motion for reconsideration, and a request for review to the Appeals Council, both of which were denied. (Docket No. 8 at 17-26). In these documents, Plaintiff's counsel argued all of the alleged deficiencies in the dismissal order that she raises now, including: that the order incorrectly stated that the request for a hearing was filed on March 1, 2010; that Plaintiff misplaced the denial letter and erroneously believed that the denial was issued on November 13, 2009 or November 18, 2009; and that Plaintiff's mental condition, primarily stress caused by the unlawful invasion of her mother's home, interfered with her ability to timely file her request for a hearing. (*See id.*). All of these arguments are directly related to and/or integral to the ALJ's determination of whether "good cause" under section 404.911 existed in this case. *See* 20 C.F.R. § 404.911.

In this Court's opinion, the record shows that Plaintiff was provided with every opportunity to argue her position to the Commissioner. She merely disagrees with the Commissioner's finding that there was not "good cause" to permit the late filing. It was within the discretion of the Commissioner to find that good cause did not exist and dismiss Plaintiff's claim and, as the Court of Appeals has recognized, only he "has authority to determine whether a claimant has shown good cause for an untimely filing." *Bacon*, 969 F.2d at 1521. This is not a "colorable constitutional claim" and does not provide the Court with independent grounds to assert jurisdiction over this case.

V. CONCLUSION

Based on the foregoing, the Commissioner's Motion to Dismiss [5] is granted. An

---

prevented you from filing timely. 20 C.F.R. § 404.911.

appropriate Order follows.

                                          *s/Nora Barry Fischer*
                                          Nora Barry Fischer
                                          United States District Judge

Date:   October 21, 2011

cc/ecf:  All counsel of record.